OPINION CONCURRING IN RESULT

Mary K. Hoff, Judge
I concur .in result.
The trial court terminated Father’s parental rights based on the same statutory ground (chemical dependency) under Section -211.447.5(2)b (abuse and neglect) and Section 211-.447.5(3)d (failure to rectify). The trial court’s judgment, finding of facts, and conclusions of law found that he (Father) “suffers from a chemical dependency which cannot be treated, or has not been treated, thereby preventing Father from' consistently providing for the necessary care, custody; and control of the child. This is the condition upon which termination of Father’s parental rights rest.” (Emphasis in original).
. I generally agree with the procedural and factual history found in the Honorable Robert G. Dowd, Jr.’s opinion.
After a review of the. record and the trial court’s judgment, I find that there is insufficient evidence to support the finding that Father had a chemical dependency which cannot be treated and that would prevent Father from providing for the care of the child.
, While Father’s illegal drug use presents significant concerns, the required level of severity the court must find is specified by the statute. In re: K.A.W., 133 S.W.3d 1, 11 (Mo. banc 2004).. Under Section 211.447.5(2)b, drug use alone is not grounds for termination nor is chemical dependency, rather, the statute provides that termination requires a chemical dependency which cannot be treated. In the Interest of D.D.C., 351 S.W.3d 722, 726 (Mo.App.W.D.2011).
In this case, there is no evidence that drug treatment was ever recommended or offered to Father, nor that he refused treatment. This is not a case where treatment was attempted and failed. As a result, it is hard to draw a conclusion from this record that Father suffered from a chemical dependency, much less that this was a harmful condition that could not be treated.
*477 In order to meet the high burden to terminate Father’s parental rights, the court’s judgment must be based, on clear, cogent, and convincing evidence to support at least one of the statutory grounds set forth in Section 211.447. K.A.W. at 9. This burden has not been met in this case. See In the Interest of S.T.C., 165 S.W.3d 505, 514 (Mo.App.S.D.2005).
This decision' is based only oh the insufficient evidence to 'support the necessary requirements under the statute for termination of parental rights'.